**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 3 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

LARRY R. BROWN-BEY,

        Petitioner - Appellant,

v.

MICHAEL A. NELSON; CARLA
STOVALL, Attorney General of
Kansas,

        Respondents - Appellees.

No. 02-3136
D.C. No. 00-CV-3306-DES
(D. Kansas)

LARRY R. BROWN-BEY,

        Petitioner - Appellant,

v.

MICHAEL A. NELSON; CARLA
STOVALL, Attorney General of
Kansas,

        Respondents - Appellees.

No. 02-3164
D.C. No. 00-CV-3230-DES
(D. Kansas)

ORDER AND JUDGMENT [*]

---

[*] These cases are unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **KELLY**, **BALDOCK**, and **LUCERO**, Circuit Judges.

---

Larry R. Brown-Bey was convicted, in two separate cases, of kidnapping, criminal threat, aggravated assault, and the sale of cocaine. After his convictions were affirmed on direct appeal, he unsuccessfully sought habeas relief in the district court. He now challenges certain rulings by the district court and underlying rulings by the state appellate court and state trial court in connection with the district court's denial of his habeas applications, filed pursuant to 28 U.S.C. § 2254. The district court declined to grant Brown-Bey certificates of appealability (COA) to proceed on appeal, as required by provisions of the Anti-Terrorism and Effective Death Penalty Act. Brown-Bey moves for COA on both appeals.

In appeal No. 02-3136, Brown-Bey argues: (1) insufficient evidence on the kidnapping charge, (2) prosecutorial misconduct in closing argument and application of an improper harmless error standard on habeas review of this issue, (3) prosecutorial interference with witnesses, and (4) a due process violation based on newly discovered evidence. In appeal No. 02-3164, he asserts: (1) a due process violation resulting from the denial of a request for investigative and expert services, and (2) application of the wrong harmless error standard by the district court. After careful consideration of both appellate records, which

-2-

include complete state court trial records and transcripts, along with Brown-Bey's briefs and motions for COA, we conclude that Brown-Bey has not demonstrated entitlement to COA; that is, he has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

We comment briefly on Brown-Bey's harmless error argument in appeal No. 02-3136, because the district court did not specify what standard it applied in denying habeas relief on this issue. Brown-Bey contends, correctly, that the proper harmless standard on habeas review comes from Kotteakos v. United States, 328 U.S. 750, 776 (1946). This was made clear by the Supreme Court in Brecht v. Abrahamson, 507 U.S. 619, 637–38 (1993), where it rejected use of the "beyond a reasonable doubt" standard from Chapman v. California, 386 U.S. 18, 24 (1967), in the habeas context. In the underlying criminal case, the state appellate court, on direct review of Brown-Bey's conviction, properly applied the Chapman "beyond a reasonable doubt" standard to Brown-Bey's prosecutorial misconduct issue. However, on habeas review, the district court did not expressly apply the Kotteakos/Brecht standard in reaching its conclusion that the state appellate court's ruling was not an unreasonable application of the law or facts. See 28 U.S.C. § 2254(d). Brown-Bey argues here that application of the proper standard would entitle him to habeas relief. However, as this court has recently noted, the Kotteakos/Brecht standard is a less demanding standard than the

Chapman standard. Herrera v. Lemaster, 301 F.3d 1192, 1197 (10th Cir. 2002). Therefore, Brown-Bey has nothing to gain by its application to his case.

Brown-Bey's requests for COA to proceed on appeal are denied, and these appeals are dismissed. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge